UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMPUTER SCIENCES CORPORATION, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:19-CV-00970-X |
| v. | § § | |
| TATA CONSULTANCY SERVICES LIMITED, TATA AMERICA INTERNATIONAL CORPORATION, DOE DEFENDANTS 1–10, | § § § § § § | Referred to U.S. Magistrate Judge |
| *Defendants.* | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the *Findings, Conclusions, and Recommendation* [Doc. No. 75] of the United States Magistrate Judge and plaintiff Computer Sciences Corporation's (Computer Sciences) *Objection* [Doc. No. 76], in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Texas law preempts Computer Sciences' state-law claims. The Texas Uniform Trade Secrets Act (Trade Secrets Act) "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret."[1] But what are "civil remedies *for* misappropriation of a trade secret"? The

---

[1] TEX. CIV. PRAC. & REM. CODE § 134A.007(a).

1

statute's context helps the Court understand what the statute's text means. Specifically, the Trade Secrets Act says that it does not preempt "other civil remedies that are *not based upon* misappropriation of a trade secret."[2] Therefore, the Trade Secrets Act's text and context lead the Court to conclude that the statute preempts all civil remedies that are *based upon* misappropriation of a trade secret.

This Court's interpretation and application of the Trade Secrets Act means that it is possible for claims that *involve* the misappropriation of non-trade secrets to still be *based upon* the misappropriation of trade secrets. In other words: a claim for the misappropriation of non-trade secrets could exist because of the alleged misappropriation of trade secrets. And, because they are based upon the misappropriation of trade secrets, such claims are preempted by the Trade Secrets Act. Computer Sciences' state-law claims face this predicament.

The case law that Computer Sciences asserts the "Recommendation failed to consider or address"[3] confirms the Court's interpretation. Unlike the plaintiff in *Downhole Technology LLC v. Silver Creek Services Inc.*,[4] Computer Sciences does not plead independent, alternative theories of relief.[5] Instead, each of Computer Sciences' four state-law claims are fundamentally based upon the alleged

---

[2] *Id.* § 134A.007(b)(2) (emphasis added).

[3] Plaintiff's *Objections to Findings, Conclusions and Recommendation of U.S. Magistrate Judge*, at 7 [Doc. No. 76].

[4] 2017 WL 1536018 (S.D. Tex. Apr. 27, 2017).

[5] *Id.* at *4 (comparing the plaintiff to the plaintiff in *AMID, Inc. v. Medic Alert Found. U.S., Inc.*, 2017 WL 1021685 (S.D. Tex. Mar. 16, 2017), who "essentially pleaded alternative theories of relief").

2

misappropriation of its trade secrets.[6] It may be true that the Trade Secrets Act plaintiffs may maintain "their causes of action for the misappropriation of information that is not a trade secret,"[7] and that "civil theft claims under Texas law survive [the Trade Secrets Act] so long as the theft involves something other than the trade secret or addresses the harm stemming from the loss of the tangible item itself, rather than the trade secret it contains."[8] But Computer Sciences' claims are based on—and exist because of—the alleged misappropriation of its trade secrets. Even if the Court's fellow Texas federal district courts mentioned here are correct, the Court's interpretation of the Trade Secrets Act's preemption provision does not conflict with its sister courts' interpretations. The facts of and allegations in this specific case lead the Court to conclude that under these frameworks the Trade Secrets Act preempts Computer Sciences' state-law claims.

For these reasons, the Court **DENIES IN PART AND GRANTS IN PART** Tata's *Motion to Dismiss* [Doc. No. 43]. The motion to dismiss is **DENIED** as to

---

[6] *See Complaint and Jury Demand* ¶ 42 (basing Count I, Trade Secret Misappropriation under the Defend Trade Secrets Act, on the allegation that Computer Sciences' trade secrets "constitute protectable programs (including software and source code), processes, methods, techniques, formulas, data, and know-how, such as calculations, rates of return, fund and policy valuations, and other complex data processing, and compilations in the field of administering, processing and managing life insurance policies and annuities including, but not limited to, those used by [Computer Sciences] to achieve the functionalities found in Vantage, CyberLife, and Additional [Computer Sciences] Products") [Doc. No. 1]. *See also id.* ¶¶ 41, 50, 55, 60, & 64 (all five counts incorporating the same facts and allegations of every other count, including Count I); ¶ 53 (basing Count II upon the allegation that Tata is "improperly using [Computer Sciences]'s substantial investment" in its trade-secret software systems); ¶ 56 (basing Count III upon the allegation that Tata conspired to misappropriate Computer Sciences' trade-secret source code and software); ¶ 61 (basing Count IV upon the allegation that Tata interfered with Computer Sciences' prospective economic advantage with its trade-secret software systems, which "are the foundation" of Computer Sciences' services); ¶ 66 (basing Count V upon the allegation that Tata unlawfully took Computer Sciences' trade-secret software).

[7] *DHI Grp., Inv. v. Kent*, 397 F. Supp. 3d 904, 923 (S.D. Tex. 2019).

[8] *Myart v. City of San Antonio*, 2019 WL 7067126, at *6 (W.D. Tex. Dec. 23, 2019).

3

Computer Sciences' Defend Trade Secrets Act claim and is **GRANTED** as to Computer Sciences' state-law claims. Therefore, the Court **DISMISSES WITH PREJUDICE** Computer Sciences' state-law claims as preempted by the Texas Uniform Trade Secrets Act.

**IT IS SO ORDERED** this 24th day of March 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE