UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMPUTER SCIENCES CORPORATION, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:19-CV-0970-X |
| v. | § § | |
| TATA CONSULTANCY SERVICES LIMITED, et al., | § § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Computer Sciences Corporation's ("CSC") amended motion for leave to file under seal, (Doc. 407), and Defendants Tata Consultancy Services Limited and Tata America International Corporation's (collectively, "TCS") motion for leave to file under seal, (Doc. 414). The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. After reviewing the motions, the Court **GRANTS** both motions. (Doc. 407 & Doc. 414).

### I.   Legal Standards

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

1

appealable under the collateral-order doctrine.[2]  The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c).  However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record.*"[4] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential."  But to seal documents on the judicial record involves a much more demanding standard.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5]  If the Court seals information, it must give sufficient reasons to allow for appellate review.[6]  Finally, "[p]ublicly available information cannot be sealed."[7]

---

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* at 521.

[5] *Id.* (cleaned up).

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520.

**II.     CSC's Amended Motion for Leave to File Under Seal (Doc. 407)**

CSC seeks to seal certain portions of Exhibit 3 to the Appendix in Support of Plaintiff's Response to Defendants' Opposed Motion for Leave to Take Trial Deposition of Jeremy Frieden.[8] When CSC filed its initial sealing motion related to its response to Defendants' motion for Leave to Take Trial Deposition of Jeremy Frieden, the Court denied it without prejudice for failing to meet the heightened sealing standard.[9] The Court provided the requirements for a sufficient sealing motion: to identify precisely what information (pages, lines, etc.) the party wants sealed; conduct a line-by-line, page-by-page analysis explaining and briefing why the risks of disclosure outweigh the public's right to know; and explain why no other viable alternative to sealing exists.[10] Further, the sealing motion must also include a declaration or oath of a person with personal knowledge.[11] After the Court's direction, CSC's second bite at the sealing apple hit the mark.

CSC's amended sealing motion meets the heightened sealing standard. In its second go-around, CSC was precise about what it wanted to seal: lines 5:12–13, 14:22, 15:1, 19:8, 22:8 of Exhibit 3.[12] Next, CSC did its part to explain why the risk of disclosure outweighs the public's right to know because these excerpts disclose CSC's alleged trade secrets and financial expenditures related to the development of its

---

[8] Doc. 407.

[9] Doc. 402.

[10] *Id.*

[11] *Id.*

[12] Doc. 407 at 3.

3

alleged trade secrets and would cause competitive harm to CSC's business. The Court agrees. The motion's facts were also verified in a declaration of a person with personal knowledge. As such, the Court orders that Doc. 398-3 remain under seal. The redacted version of Doc. 398-3 is already filed on the public record as an attachment to Doc. 407.

### III.     TCS's Motion for Leave to File Under Seal (Doc. 414)

The second sealing motion the Court considers today is TCS's sealing motion accompanying its Opposition and Responses to CSC's Motion in Limine ("Opposition") and Exhibits 1-9 and 12 of the Appendix in Support of the Omnibus Motion in Limine ("Appendix").[13] TCS filed this motion because the Opposition and Appendix included information that CSC had previously marked "CONFIDENTIAL OUTSIDE ATTORNEY EYES ONLY INFORMATION."[14] Upon review, CSC followed up with a declaration identifying the specific materials within TCS's motion CSC contends should be maintained under seal.[15] As a result, TCS filed a public version of the portions of the Opposition and Appendix for which CSC did not seek to seal.[16] The public version includes the entirety of TCS's Opposition and Responses to CSC's Motions in Limine and Appendix in Support of TCS's Opposition and Responses, except for Exhibit 12 which was replaced with a redacted version.[17]

---

[13] Doc. 414.

[14] *Id.*

[15] Doc. 439.

[16] Doc. 440.

[17] *Id.*

4

The Court agrees that Exhibit 12 should be maintained under seal. CSC was precise about what it wanted to seal: Exhibit 12.[18] Next, CSC did its part to explain why the risk of disclosure outweighs the public's right to know because Exhibit 12 discloses CSC's trade secrets. In fact, Exhibit 12 is a copy of CSC's initial identification of trade secrets which lists and describes many of CSC's alleged trade secrets related to this action. CSC also followed up with a declaration of a person with personal knowledge verifying these facts.[19] As such, the Court orders that Doc. 414 remain under seal. The redacted version of this document is already filed on the public record at Doc. 440.

## IV.   Conclusion

Given that the Court finds that CSC met the heightened sealing standard, the Court **GRANTS** the Amended Motion for Leave to File Under Seal (Doc. 407) and the Motion for Leave to File Under Seal (Doc. 414). Moreover, the Court **INSTRUCTS** the Clerk of Court to seal Doc. 398-3 but file the rest of Doc. 398 and additional exhibits on the public record.[20] Furthermore, because TCS has already filed a public version of its Opposition and Appendix with Exhibit 12 redacted,[21] the Court **ORDERS** that Doc. 414 remain under seal. The Court's instructions are the result

---

[18] Doc. 439.

[19] *Id.*

[20] The redacted version of Doc. 398-3 is already filed on the public record as an attachment to Doc. 407.

[21] Doc. 440.

of a page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[22]

**IT IS SO ORDERED** this the 6th day of November, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[22] *June Med. Servs.*, 22 F.4th at 521.