UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COMPUTER SCIENCES §<br>CORPORATION, §<br>  §<br>  *Plaintiff,* §<br>  §<br>v. §<br>  §<br>TATA CONSULTANCY SERVICES §<br>LIMITED, et al., §<br>  §<br>  *Defendants.* § | Civil Action No. 3:19-CV-0970-X |

### **FINAL JUDGMENT**

From November 8, 2023 to November 17, 2023, this Court presided over a trial in this case before an advisory jury. The advisory jury found Tata Consultancy Services Limited ("TCS") liable for willful and malicious trade secret misappropriation under the federal Defend Trade Secrets Act of 2016 ("DTSA") and awarded Computer Sciences Corporation ("CSC") $70,000,000 in compensatory damages and $140,000,000 in exemplary damages.

Through its Findings of Fact and Conclusions of Law issued earlier today, the Court also found TCS liable for willful and malicious trade secret misappropriation under the DTSA and awarded CSC $56,151,583 in compensatory damages and $112,303,166 in exemplary damages. In the Court's Findings of Fact and Conclusions of Law, the Court also made rulings on remaining issues, including prejudgment interest, entitlement to attorney's fees, entitlement to costs, and permanent injunctive relief. Because the Court granted in part CSC's Amended

1

Motion for Entry of Judgment, the Court now enters judgment on the Findings of Fact and Conclusions of Law in the following manner:

1. The Court **ORDERS** that TCS is liable for willful and malicious trade secret misappropriation under the DTSA.

2. The Court **ORDERS** that TCS is liable to CSC for $56,151,583 in compensatory damages and $112,303,166 in exemplary damages.

3. The Court **ORDERS** TCS to pay CSC $168,454,749 in compensatory and exemplary damages.

4. The Court **ORDERS** that TCS is liable for $25,773,576.60 in prejudgment interest through June 13, 2024.

5. The Court **ORDERS** TCS to pay CSC $25,773,576.60 in prejudgment interest through June 13, 2024.

6. The Court **ORDERS** that TCS is liable for post-judgment interest at an annual rate of 4.824% starting from the date of entry of this judgment.

7. The Court **ORDERS** that TCS is liable for CSC's attorney's fees in an amount to be determined in a later order. CSC must file a motion for attorney's fees with supporting evidence within 14 days of the date of this order.

8. The Court **ORDERS** that TCS is liable for CSC's costs in an amount to be determined in a later order. CSC must file a bill of costs within 14 days of the date of this order.

9. In accordance with the Findings of Fact and Conclusions of Law,

the Court **ENJOINS** TCS as follows:

a. Additional Definitions

    1) "Transamerica" means Transamerica Corporation or any of its affiliates, including Money Services Inc.

    2) "CSC Trade Secrets" means CSC's proprietary source code and confidential documentation for its VANTAGE-ONE® / Wealth Management Accelerator™ and CyberLife® software platforms.

    3) "TCS Parties" means TCS and their respective affiliates, successors, directors, officers, employees, consultants, agents, servants, and attorneys, and any and all other persons who are in active concert or participation with any of them.

    4) "TCS I&A Products" means TCS software providing solutions in the U.S. life insurance and annuities market, including but not limited to BaNCS.

    5) "Post-Misappropriation BaNCS Materials" means code, including source code and object code, for BaNCS and any technical documentation describing actual or potential operation of BaNCS, in each case developed after July 18, 2017.

    6) "TCS Transamerica Support Personnel" means the TCS

        officers, directors, employees, consultants, agents, and servants, if any, who are necessary to support Transamerica's use of Post- Misappropriation BaNCS Materials for the purpose of administering existing Transamerica products currently being administered on TCS I&A Products.

    7) "Monitor" means an independent monitor, to be appointed by CSC and paid for by TCS.

b. Without express written consent directly from CSC at a point after entry of this judgment, the TCS Parties shall not:

    1) access, attempt to access, use, or attempt to use any CSC Trade Secrets for any reason, including but not limited to the design, development, enhancement, marketing, implementation, or use of any TCS I&A Products;

    2) possess or retain any CSC Trade Secrets in any form in any location, including (i) on any of TCS's servers (including email servers), shared drives, shared domains, or other places of electronic storage, (ii) on any of Transamerica's servers (including email servers), shared drives, shared domains, or other places of electronic storage to which TCS Parties have access, or (iii) on any other servers (including email servers),

        shared drives, shared domains, or other places of electronic storage to which TCS Parties have access, including computers used by TCS Parties;

    3) access, attempt to access, use, or attempt to use any Post- Misappropriation BaNCS Materials for the design, development, enhancement, marketing, implementation, or use of any TCS I&A Products; or

        resist, hamper, delay, or otherwise interfere with the activities of the Monitor, who for a period of ten years shall have unfettered access at any time to monitor TCS's design, development, enhancement, marketing, implementation, and use of any TCS I&A Products to ensure the TCS Parties do not improperly use any CSC Trade Secrets or Post-Misappropriation BaNCS Materials.

c. For a period of 18 months, TCS shall not permit any TCS Parties who had access to any CSC Trade Secrets to work on, or assist in, directly or indirectly, the design, development, enhancement, marketing, implementation, or use of any TCS I&A Products.

d. For a period of ten years, TCS shall:

    1) maintain a list of all TCS Parties who had access to any

CSC Trade Secrets;

2) permit the Monitor to confirm that TCS Parties do not have access to CSC Trade Secrets;

3) permit the Monitor to confirm that TCS Parties do not possess or retain any CSC Trade Secrets in any form in any location, including in the locations described in paragraph 9(b)(2) above;

4) permit the Monitor to talk with any TCS Parties who might be able to assist the Monitor in determining whether CSC Trade Secrets or Post-Misappropriation BaNCS Materials are being used in the design, development, enhancement, marketing, implementation, or use of any TCS I&A Products;

5) provide the Monitor with unfettered access to TCS Parties; permit the Monitor to examine, evaluate, and analyze TCS's hard- copy and electronic information in any location, including in the locations described in paragraph 9(b)(2) above, to determine whether CSC Trade Secrets or Post-Misappropriation BaNCS Materials are being used in the design, development, enhancement, marketing, implementation, or use of any TCS I&A Products; and

6

    6)  provide the Monitor with unfettered access to the hard-copy and electronic information described above.

 e. As an exception to paragraph 9(b) above, to the extent Transamerica must use Post-Misappropriation BaNCS Materials for existing Transamerica products currently being administered on TCS I&A Products:

    1)  TCS shall maintain a list of the TCS Transamerica Support Personnel and provide it to CSC; and

    2)  the TCS Transamerica Support Personnel may access and use the Post-Misappropriation BaNCS Materials solely for the purpose of administering the existing Transamerica products currently being administered on TCS I&A Products.

 f. CSC may confidentially provide the Monitor with the type of information CSC deems necessary to monitor TCS's design, development, enhancement, marketing, implementation, or use of any TCS I&A Product to ensure that TCS does not improperly use any CSC Trade Secrets.

 g. The Monitor shall disclose to the Court and CSC the substance or outcome of its investigation six months after the date of this judgment and once every year thereafter and may disclose to the Court whether the Monitor has identified any evidence of

        misappropriation of any company's trade secrets (not limited to CSC Trade Secrets).

h. Six months after the date of this judgment and once every year thereafter for the next ten years, TCS shall file with the Court a report in writing and under oath setting forth in detail the manner and form with which TCS has complied with this Order.

Within 14 days, CSC must file a motion for determination of the amount of its attorney's fees and expenses and a separate bill of costs pursuant to Federal Rule of Civil Procedure 54(d).

**IT IS SO ORDERED** this the 13th day of June, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE