UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMPUTER SCIENCES CORPORATION, | § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| | | Civil Action No. 3:19-CV-0970-X |
| v. | | |
| TATA CONSULTANCY SERVICES LIMITED, et al., | | |
| *Defendants.* | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Computer Sciences Corporation's ("CSC") motion for leave to file under seal. (Doc. 535). The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. After reviewing the motion, the Court **GRANTS** it. (Doc. 535). As such, the Court orders that Doc. 536 remain under seal. The Court further **ORDERS** CSC to file a redacted version of Doc. 536 on the public docket.

### I.     Legal Standard

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

1

appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[4] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential." But to seal documents on the judicial record involves a much more demanding standard.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5] If the Court seals information, it must give sufficient reasons to allow for appellate review.[6] Finally, "[p]ublicly available information cannot be sealed."[7]

---

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* at 521.

[5] *Id.* (cleaned up).

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520.

2

## II.     CSC's Motion for Leave to File Under Seal (Doc. 535)

CSC seeks to seal certain portions of CSC's Motion for Determination of the Recoverable Amount of Attorneys' Fees and Costs and the Declaration of Thomas E. O'Brien that disclose discounted billing rate information from the law firms of Baker Botts L.L.P. ("Baker Botts"), Sumner Schick LLP ("Sumner"), and Crowell & Moring LLP ("Crowell").[8]

CSC's sealing motion meets the heightened sealing standard. In its motion, CSC was precise about what it wanted to seal: Sections I.A.1, I.A.2, and I.A.3 of its motion, exhibits A, C, and E, and paragraphs 24 and 25 of Thomas O'Brien's declaration.[9] Next, CSC did its part to explain why the risk of disclosure outweighs the public's right to know because these excerpts disclose Baker Botts, Sumner, and Crowell's proprietary, non-public, and commercially-sensitive information. The Court agrees. The motion's facts were also verified in a declaration of a person with personal knowledge. As such, the Court orders that Doc. 536 remain under seal.

## III.     Conclusion

Given that the Court finds that CSC met the heightened sealing standard, the Court **GRANTS** the Motion for Leave to File Under Seal (Doc. 535). The Court orders that Doc. 536 remain under seal. The Court further **ORDERS** CSC to file a redacted version of Doc. 536 on the public docket. The Court's instructions are the result of a

---

[8] Doc. 535.

[9] *Id.* at 3.

page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[10]

**IT IS SO ORDERED** this the 7th day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] *June Med. Servs.*, 22 F.4th at 521.