UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMPUTER SCIENCES CORPORATION, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:19-CV-0970-X |
| v. | § § | |
| TATA CONSULTANCY SERVICES LIMITED, et al., | § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are seven motions to seal (Docs. 583, 584, 585, 591, 592, 595, and 596). In the motions Plaintiff Computer Sciences Corporation's ("CSC") seeks to file under seal a Motion for an Order Enforcing the Final Judgment's Provisions Re Monitoring (Doc. 583), the reply to said motion (Doc. 585), attachment to its Renewed Motion for Determination of the Recoverable Amount of Attorneys' Fees and Costs (Doc. 591, 592) and an order seeking to keep sealed permanently the documents sealed in this action (Doc. 596). Additionally, Defendant Tata Consultancy Services Limited ("TCS") sought Leave to File Under Seal Opposition to Plaintiff's Motion to enforce the final judgment (Doc. 584) and Leave to File Under Seal Opposition to Plaintiff's Motion on attorney's fees (Doc. 595). The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. After careful consideration, the Court **GRANTS** the motions.

1

## I.     Legal Standard

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[4] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential." But to seal documents on the judicial record involves a much more demanding standard.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5] If the Court seals information,

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* at 521.

[5] *Id.* (cleaned up).

it must give sufficient reasons to allow for appellate review.[6]  Finally, "[p]ublicly available information cannot be sealed."[7]

## II.  Analysis

The parties sealing affidavit and motion meet the heightened sealing standard. In the affidavit and motion, the parties were precise about what they wanted to seal. Next, CSC and Tata did their part to explain why the risk of disclosure outweighs the public's right to know because these exhibits disclose confidential commercial information and trade secrets and would cause competitive harm to their businesses. Upon careful review, the Court concludes that CSC and TCS met their burden of proving that the materials should be sealed.

Lastly, pursuant to Local Rule 79.4, Plaintiff CSC requested the Court permanently seal any paper documents currently under seal pursuant to the Court's prior orders granting past sealing motions based on CSC's confidential, trade secret information.  This motion is **GRANTED.**

## III.  Conclusion

Given that the Court finds that CSC and TCS met the heightened sealing standard, the Court **GRANTS** the motions (Docs. 583, 584, 585, 591, 592, 595, and 596).  The Court's instructions are the result of a page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[8]

---

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520.

[8] *June Med. Servs.*, 22 F.4th at 521.

It is further **ORDERED t**hat all documents maintained on paper and currently under seal pursuant to one of the Court's prior sealing orders shall be permanently sealed.

**IT IS SO ORDERED** this the 2nd day of March, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE