UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMPUTER SCIENCES CORPORATION, | § § § | |
| *Plaintiff,* | § § | |
| | § | Civil Action No. 3:19-CV-0970-X |
| v. | § § | |
| TATA CONSULTANCY SERVICES LIMITED, et al., | § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are five motions to seal (Docs. 602, 604, 607, 611, and 612). In the motions Plaintiff Computer Sciences Corporation's ("CSC") seeks to file under seal a Motion for an Order Enforcing the Final Judgment's Provisions Re Monitoring (Doc. 602), the reply to said motion (Doc. 607), and supplements to its Renewed Motion for Determination of the Recoverable Amount of Attorneys' Fees and Costs (Doc. 610, 611).  Additionally, Defendant Tata Consultancy Services Limited ("TCS") sought Leave to File Under Seal Opposition to Plaintiff's Motion to enforce the final judgment (Doc. 604). The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure.  After careful consideration, the Court **GRANTS** the motions.

1

## I.    Legal Standard

The Court takes very seriously its duty to protect the public's access to judicial records.[1]  Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2]  The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c).  However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record.*"[4] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential."  But to seal documents on the judicial record involves a much more demanding standard.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5]  If the Court seals information,

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* at 521.

[5] *Id.* (cleaned up).

it must give sufficient reasons to allow for appellate review.[6]    Finally, "[p]ublicly available information cannot be sealed."[7]

## II.    Analysis

The parties sealing affidavit and motion meet the heightened sealing standard. In the affidavit and motion, the parties were precise about what they wanted to seal. Next, CSC and Tata did their part to explain why the risk of disclosure outweighs the public's right to know because these exhibits disclose confidential commercial information and trade secrets and would cause competitive harm to their businesses. Upon careful review, the Court concludes that CSC and TCS met their burden of proving that the materials should be sealed.

## III.    Conclusion

Given that the Court finds that CSC and TCS met the heightened sealing standard, the Court **GRANTS** the motions (Docs. 602, 604, 607, 611, and 612).  The Court's instructions are the result of a page-by-page, line-by-line analysis.  Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[8]

Regarding Doc. 602, it is **ORDERED** that Plaintiff Computer Sciences Corporation's Motion for an Order Enforcing the Final Judgment's Provisions Regarding Monitoring and Compelling Defendant Tata Consultancy Services Limited to Comply with the Monitor's Requests in Its Report #2 Dated June 27, 2025 and

---

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520.

[8] *June Med. Servs.*, 22 F.4th at 521.

Report #3 Dated December 12, 2025 (the "Motion") and the corresponding Exhibit 1 (the "Exhibit") shall be sealed.

It is further **ORDERED** that the Clerk of the Court shall maintain under seal the Motion and the Exhibit.

It is further **ORDERED** that Plaintiff Computer Sciences Corporation shall publicly file a redacted version of the Motion and the Exhibit redacting only those portions of the Motion and the Exhibit quoting from or discussing the Monitor's Report #2 dated June 27, 2025 and Monitor's Report #3 dated December 12, 2025.[9]

Regarding Doc. 604, it is **ORDERED** that Defendant's Exhibit A to the Sealing Motion shall be sealed.

It is further **ORDERED** that the Clerk of the Court shall maintain under seal Defendant's Exhibit A.

It is further **ORDERED** that the Clerk of the Court shall publicly publish Defendant's Exhibit B, Defendant's redacted Opposition, as a separate entry on the docket.

Regarding Doc. 607, it is **ORDERED** that Plaintiff Computer Sciences Corporation's Reply in Support of Its Motion for an Order Enforcing the Amended Final Judgment's Provisions Regarding Monitoring and Compelling Defendant Tata Consultancy Services Limited to Comply with the Monitor's Requests in Its Report #2 Dated June 27, 2025 and Report #3 Dated December 12, 2025 (the "Reply") shall be sealed.

---

[9] Going forward, motion to seal if needed should include the redacted version instead of being filed after the order is granted.

4

It is further **ORDERED** that the Clerk of the Court shall maintain under seal the Reply.

It is further **ORDERED** that Plaintiff Computer Sciences Corporation shall publicly file a redacted version of the Reply redacting only those portions of the Reply quoting from or discussing the Monitor's Report #2 dated June 27, 2025 and the Monitor's Report #3 Dated December 12, 2025.

Regarding Doc. 611, it is **ORDERED** that Exhibit 1 to Exhibit B to Plaintiff Computer Sciences Corporation's Motion for Leave to Supplement Its Renewed Motion for Determination of the Recoverable Amount of Attorneys' Fees and Costs (Doc. 592) With Documents Regarding Additional Fees and Costs shall be sealed.

It is further **ORDERED** that Plaintiff Computer Sciences Corporation shall publicly file redacted version of Exhibit 1 to Exhibit B to the Motion redacting only those portions disclosing, discussing, or otherwise revealing discounted billing rate information from the law firm of Baker Botts L.L.P.

Regarding Doc. 612, it is **ORDERED** that Exhibit 1 to Exhibit B to Plaintiff Computer Sciences Corporation's Motion for Leave to Supplement Its Renewed Motion for Determination of the Recoverable Amount of Attorneys' Fees and Costs (Doc. 592) With Documents Regarding Additional Fees and Costs shall be sealed.

It is further **ORDERED** that Plaintiff Computer Sciences Corporation shall publicly file redacted version of Exhibit 1 to Exhibit B to the Motion redacting only those portions disclosing, discussing, or otherwise revealing discounted billing rate information from the law firm of Baker Botts L.L.P.

**IT IS SO ORDERED** this the 2nd day of July, 2026.

 

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE